# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# SHELBY DIVISION

| | |
|---|---|
| DWAYNE FRIDAY and ANITA FRIDAY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER GROUP, <br><br> Defendant. | Case No.: |

## DEFENDANT NATIONSTAR MORTGAGE LLC'S NOTICE OF REMOVAL

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar" or "Defendant") by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), hereby notifies this Court that it is removing the above-captioned civil action currently pending in Cleveland County, North Carolina Superior Court to the United States District Court for the Western District of North Carolina, Shelby Division. In support of this Notice of Removal, Nationstar states as follows:

**I.     BACKGROUND AND PROCEDURAL POSTURE**

1. On May 17, 2021, Plaintiffs Dwayne Friday and Anita Friday ("Plaintiffs") filed a putative class action Complaint against Nationstar in Cleveland County, North Carolina Superior Court, in a case styled as *Dwayne Friday and Anita Friday v. Nationstar Mortgage LLC d/b/a Mr. Cooper Group*, No. 21-CVS-828 ("State Court Action").

2. On May 24, 2021, Nationstar received a copy of the Summons and Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based. Nationstar does not waive service and specifically reserves all defenses based on improper or lack of service.

3. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after Defendant received the initial pleading on May 24, 2021.

4. The United States District Court for the Western District of North Carolina, Shelby Division, is the district and division within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action.

5. No previous application has been made for this relief.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" received by Defendant are attached hereto as follows: **Composite Exhibit A** – State Court Filings (Complaint and Summons to Nationstar).

7. In accordance with 28 U.S.C. § 1446(d), Nationstar has contemporaneously filed in the State Court Action a copy of this Notice of Removal.

8. In accordance with 28 U.S.C. §1446(d), Nationstar has also given written notice to Plaintiffs by contemporaneously serving this Notice of Removal on counsel for Plaintiffs.

9. In filing this Notice of Removal, Nationstar does not waive and specifically reserves any and all defenses, exceptions, rights, and motions. No statement or omission in this Notice shall be deemed an admission of any allegations or of damages sought in the Complaint.

10. As set forth below, this case is properly removed to this Court because this Court has original diversity jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

**II. GROUNDS FOR REMOVAL UNDER CAFA**

11. Based on the allegations in Plaintiffs' Complaint, this Court has subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d), because: (i) the putative class consists of at least

2

100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of Defendant, § 1332(d)(2)(A); (iii) the aggregate amount placed in controversy by the claims of Plaintiffs and the putative class members together exceeds $5,000,000, exclusive of interest and costs, § 1332(d)(2); and (iv), Plaintiffs' asserted claims involve a common question of law or fact, § 1332(d)(11)(B)(i). *See also Strawn v. AT & T Mobility LLC*, 530 F. 3d 293 (4th Cir. 2008).

### A. The Putative Class Consists of at Least 100 Proposed Class Members.

12. To qualify for removal under 28 U.S.C. § 1332(d)(2), Defendant must first establish that Plaintiffs' putative class contains 100 or more individuals. *See* § 1332(d)(5).

13. Plaintiffs' Complaint describes this action as being brought "on behalf of themselves and all others similarly situated." Compl. ¶ 24. Plaintiffs alleges that Nationstar, a mortgage loan servicer responsible for collecting periodic payments from consumers for their outstanding loan balances, "triggered *multiple* withdrawals" from consumers' bank accounts that consumers "did not authorize, consent to, or approve" (emphasis in original). *Id*. at ¶¶ 6, 9-10. Plaintiffs' putative class includes all persons who:

> (1) have (or had) a loan serviced by [Nationstar] during the applicable statute of limitations period,
> (2) authorized [Nationstar] to withdraw funds from their bank accounts in connection with their monthly Loan Payment obligations, and
> (3) whose bank accounts were charged by [Nationstar] in excess of the amount that they authorized, consented to, and/or approved.

*Id*. at ¶ 24.

14. On the face of the Complaint, Plaintiffs allege that the putative class contains "hundreds of thousands of consumers" and that "the members of the Class are so numerous that the joinder of all members is impractical." *Id.* at ¶ 29.

15. Further, according to Defendant's records, the accounts of at least 480,000

3

Nationstar consumers satisfy the criteria of Plaintiffs' putative class. *See* **Exhibit B**, Declaration in Support of Removal, ¶ 14 (hereinafter Aff.); *see also Strawn*, 530 F.3d at 299 (defendants may introduce their own affidavits or declarations to support removal).

16. Each of these accounts meets the following criteria: (1) the person has or had a loan serviced by Nationstar; (2) the person authorized Nationstar to withdraw funds from their bank account in connection with their monthly loan payment obligations; (3) the person's bank account was debited by Nationstar more than once, which Plaintiffs contend was done without the account holders authorization, consent, or approval. Aff. ¶¶ 8, 14.

17. Given that Plaintiffs' putative class includes at least 480,000 consumer accounts, the total number of putative class members indisputably exceeds 100.

18. Plaintiffs' allegation that the putative class contains "hundreds of thousands of consumers" also acknowledges the size of the putative class. *See* Compl. ¶ 29.

19. Accordingly, the aggregate number of class members in Plaintiffs' proposed class is at least 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

### B. The Citizenship of at Least One Putative Class Member is Different From that of at Least One of the Defendants.

20. Minimal diversity of citizenship, as contemplated by CAFA, exists between Nationstar and the proposed class. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant"). Further, Nationstar is not a citizen of the State of North Carolina, where this action was originally filed. *See* 28 U.S.C. § 1332(d)(3), (4).

21. Nationstar, a limited liability company, is an unincorporated association under CAFA, and is therefore a citizen of the state under whose laws it is organized and the state where it has its principal place of business. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d

4

698, 699-70 (4th Cir. 2010). Nationstar is organized under the laws of the State of Delaware and its principal place of business is in the State of Texas. Aff. ¶ 1. Accordingly, Nationstar is a citizen of the State of Delaware and the State of Texas.

22. Upon information and belief, Plaintiffs Dwayne and Anita Friday are citizens of the State of North Carolina. In fact, Plaintiffs' Complaint states, "Plaintiffs are, and at all times mentioned herein were, citizens of the State of North Carolina." Compl. ¶ 1.

23. Because named Plaintiffs Dwayne and Anita Friday are citizens of the State of North Carolina, and Defendant Nationstar, is a citizen of the States of Delaware and Texas, the citizenship of at least one putative class member is different from the citizenship of the Defendant, thus satisfying 28 U.S.C. § 1332(d)(2)(A).

**C. The Aggregate Amount In Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

24. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Plaintiffs' putative class claims exceed that threshold.

25. Defendant bears the burden of establishing that the amount in controversy exceeds $5,000,000 for purposes of showing federal jurisdiction. *See Strawn*, 530 F.3d 293, 296-298 (party seeking removal bears burden of establishing amount in controversy).

26. Amount in controversy is "an estimate of the amount that will be put at issue in the course of the litigation," rather than "what the plaintiff will actually recover." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017)

27. Paragraph 19 of the Complaint states that Plaintiffs' account was debited by Nationstar seven times, each in the amount of $1,342.67, which would amount to a total debited sum of $9,398.69.

5

28. Plaintiffs' Complaint, for their account alone, places at least Nine Thousand Three Hundred and Ninety-Eight Dollars and Sixty-Nine Cents ($9,398.69) in controversy by alleging that Nationstar converted their funds in that amount. Compl. ¶ 44.

29. The Complaint alleges that "Plaintiffs' claims are typical of those of other Class members" and that "their damages and injuries are akin to those of other Class members." *Id*. at ¶ 31.

30. The amount in controversy is met here. If each potential member of the putative class were to place $9,398.69 in controversy, the amount Plaintiffs contend is in controversy for their loan, *id*. at ¶ 44, the aggregate amount in controversy would meet the $5,000,000 threshold if the class consisted of only 532 members (or 1,064 members if one were to assume each loan had two borrowers)—a mere fraction of the "hundreds of thousands of consumers" Plaintiffs allege to be putative class members.

31. Alternatively, if the class consisted of 100,000 members—the most conservative reading of Plaintiff's estimation of a class of "hundreds of thousands of consumers," the aggregate amount in controversy of $5,000,000 would be met if each class member placed only $50.00 in controversy (or $100.00 if one were to assume each loan had two borrowers)—far less than the $9,398.69 that Plaintiffs allege to be in controversy for their loan.

32. The amount in controversy is further met because Defendant's records show withdrawals similar to those described in Paragraph 19 of the Complaint impacted at least 100,000 Nationstar accounts, and the average singular withdrawal exceeded $50.00. Aff. ¶ 13. As a result, average withdrawals of at least $50.00, on at least 100,000 Nationstar accounts, exceeds the $5,000,000 threshold. *Id*.

33. Finally, Nationstar's records reflect that withdrawals similar to those described in

Paragraph 19 of the Complaint impacted approximately 480,000 Nationstar accounts. Aff. ¶ 14. If the accounts of 480,000 putative class members were debited just once, for $10.42 (or $20.84 if one were to assume each loan had two borrowers), the aggregate amount in controversy would exceed the $5,000,000 threshold. *Id*. at ¶ 15. As referenced in Paragraph 32 above, the average withdrawal exceeded $10.42.

34. Thus, the amount in controversy in Plaintiffs' putative class action plainly exceeds CAFA's jurisdictional threshold. *See* 28 U.S.C. § 1332(d)(2).

**D.  Plaintiffs' Asserted Claims Involve Common Questions of Law or Fact.**

35. Under CAFA, removal also requires that a plaintiff's claims involve common questions of law or fact. 28 U.S.C. § 1332(d)(11); *Strawn*, 530 F.3d at 295.

36. Here, there is no dispute that Plaintiffs' claims allegedly involve common questions of law or fact. Plaintiffs' Complaint lists no fewer than eleven questions of law or fact common to the Class. Compl. ¶ 30.

37. Without waiving any procedural or merit-based objections that Defendant may have to Plaintiffs' asserted claims, Defendant agrees that Plaintiffs' Complaint purports to contain multiple claims involving common questions of law or fact, satisfying the commonality removal requirement of 28 U.S.C. § 1332(d)(11).

38. In sum, because (i) the putative class is larger than 100 members, (ii) there is minimal diversity between the parties, (iii) the $5,000,000 amount in controversy requirement is satisfied, and (iv) Plaintiffs' claims involve common questions of law or fact, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

## III. **CONCLUSION**

WHEREFORE, for the foregoing reasons and authorities, Defendant Nationstar respectfully requests that the above-captioned action now pending in Cleveland County, North Carolina Superior Court, be removed to the United States District Court for the Western District of North Carolina, Shelby Division, and that said District Court assume exclusive jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This the 23rd day of June, 2021.

        MCGUIREWOODS LLP

        /s/ Brian A. Kahn
        Brian A. Kahn
        North Carolina Bar No. 29291
        R. Locke Beatty
        North Carolina Bar No. 38020
        T. Richmond McPherson
        North Carolina Bar No. 41439
        201 North Tryon Street, Suite 3000
        Charlotte, NC 28202-2146
        Telephone: (704) 343-2351
        Facsimile: (704) 444-8869
        bkahn@mguirewoods.com
        lbeatty@mcguirewoods.com
        rmcpherson@mcguirewoods.com

        *Attorneys for Defendant*
        *Nationstar Mortgage LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 23, 2021**, a copy of the foregoing Defendant Nationstar Mortgage LLC's Notice of Removal and accompany Exhibits were served via first-class mail on:

Joel R. Rhine
Martin A. Ramey
Janet R. Coleman
Ruth Sheehan
RHINE LAW FIRM, P.C.
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
jrr@rhinelawfirm.com
marc@rhinelawfirm.com
jrc@rhinelawfirm.com

Marc E. Dann
Brian A. Flick
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
mdann@dannlaw.com
notices@dannlaw.com

*Pro Hac Vice to be filed*

Thomas A. Zimmerman, Jr.
Matthew C. De Re
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
tom@atorneyzim.com
firm@atorneyzim.com

*Counsel for Plaintiffs and Putative Class, and the putative Subclass*

*Pro Hac Vice to be filed*

                                              /s/ Brian A. Kahn
                                              Brian A. Kahn